## REESE v. THIRD-AVENUE R. Co.

*(Circuit Court, S. D. New York. May 8, 1883.)*

DAMAGES—PERSONAL INJURY—VERDICT.

> Where, in an action for damages for a personal injury caused by the negligence of defendant, the instruction to the jury was as favorable as the plaintiff was entitled to, and there is nothing to indicate that the jury were actuated by passion or prejudice, the verdict will be sustained.

At Law. Motion for New Trial.

*L. A. Fuller*, for plaintiff.

*Lauterbach & Spingarn*, for defendant.

WHEELER, J. This is an action on a statute of New York for damages caused by the defendant's horses and car running over and killing the plaintiff's boy; and now, after verdict for the defendant, has been heard on the motion of the plaintiff for a new trial. The testimony at the trial was conflicting; some of it tending to show that the horses and car ran over the boy without his fault, when the driver might have stopped so as not to hurt him; and some of it, that the boy ran diagonally across the street towards the horses until he struck them, and was thrown down and run over without the driver being able to stop sooner.

The court charged the jury in substance that the streets of the city were for the use of all persons of all ages and capacities, all of whom would have the right to pass along and cross the streets unmolested; and that the team of the defendant drawing the car should have been, if it was not, so managed and kept in control as not to hit or injure any such persons when passing or crossing with such care as such persons ordinarily exercise; that as there was no question but that the horses and car of the defendant ran over and injured the boy,

in the street, so that he died, the plaintiff was entitled to recover, unless the boy, through his own want of care, so ran or placed himself before the horses as to wholly or partly bring the injury upon himself; or the managers of the team and car could not, by the exercise of all due diligence and care, prevent the injury.

The plaintiff did not ask, and does not appear to have been entitled to, any more favorable instructions; and on this motion she does not really claim that the rulings of the court were erroneous and injurious to her case, but complains that the verdict was wrong. Neither does she claim that the jury were actuated by partiality, prejudice, or unfairness, but that, upon the case as it stood, the finding should have been the other way. Had the state of the evidence been such that the result arrived at could not have been reached without some palpable error or mistake, there would be good ground for setting aside the verdict; but such was not the case. There was a fairly debatable issue of fact as to how, and through whose fault, the injury occurred; and each party had the right, under the constitution and laws, to have that issue passed upon by the jury, and to have their finding stand when lawfully and fairly reached. Another jury might find differently, and might not; but, whether they would or not, this was the jury to whom, under the law, the responsibility was committed, and whose decision must stand, unless error or mistake or unfairness has been shown to have brought it about. Nothing of that kind is shown. After careful and repeated examination and consideration of the case, no adequate ground for setting aside the verdict has appeared. *Marriott* v. *Fearing*, 11 FED. REP. 846.

Motion overruled, and judgment on the verdict ordered.